THE STATE OF NEBRASKA, EX REL. MORGAN, McCLEL-LAND, AND DAYTON, V. THE COUNTY BOARD OF YORK COUNTY.

**Mandamus.** The application for mandamus examined, and *Held,* Not sufficient to warrant the issuance of a writ.

ORIGINAL application for mandamus.

*George B. France,* for relator.

*Scott & Gilbert,* for respondents.

REESE, J.

This is an application to this court, in the exercise of its original jurisdiction, for a writ of mandamus to compel

the board of supervisors of York county to award to the relators the contract for furnishing the county officers with blanks and stationery for the year 1885, alleging that they are the lowest bidders therefor.    The defendants demur to the petition of relators upon the ground that it does not state facts sufficient to constitute a cause of action.

Among other things the relators allege that on or before the 1st day of December, 1884, the county clerk of said county prepared separate estimates of the books and blanks and stationery required for the use of the officers of the county during the year 1885, and during the month of December published a brief advertisement, stating therein the probable gross number of each item required, and invited bids therefor.    That the relators filed bids with the clerk, by which they offered to furnish the several articles of supplies as stated in their bids for the prices named therein.    That one L. D. Woodruff filed bids with the clerk, by which he offered to furnish the supplies described in the notice for certain prices set out in the bids.

By comparing the bids of relators with the estimates of the clerk, we find that the clerk called for bids for furnishing, among other things, 9,000 XXX printed envelopes, 6 and 10 inches in size.    The relators offer to furnish XX envelopes of the required size, and say "the heaviest made in those sizes is XX."    There is no allegation in the petition that this is the case.

The clerk advertised for bids for "4 bundles legal cap paper, 16 lb. numbered," for the office of the county clerk, "1 bundle legal cap paper, 16 lb.," for the office of superintendent, and "20 bundles legal cap" for the office of the clerk of the district court.    In the bid of relators no offer is made to furnish the "numbered" legal cap paper, nor is any bid made for furnishing "bundles" of such paper.    But they say: "We are in doubt what the bundles of legal cap called for means, but will furnish 16 lb. Rhd. legal cap per ream, 5.75."

In the estimate of the clerk as published, an item occurs in the call for bids to supply the office of the clerk of the district court as follows: "2,000 blanks of all kinds." In relator's bid, which was submitted to respondents, they say: "It is impossible to bid honestly on the 2,000 blanks advertised for the district clerk's office. Will furnish the same class. Blanks for district clerk's office are not specified." The clerk's estimate calls for bids for 1,000 blanks for "accounts against the county" for the office of the county clerk; also, for "fifty document envelopes, 1 inch." The relators' bid fails to include these things, and the petition contains no allegation of the existence of any facts which would excuse their omission. Therefore the petition does not make out a case which, if true, would warrant the court in issuing a mandamus.

The demurrer is sustained.

JUDGMENT ACCORDINGLY.

THE other judges concur.